## NATHANIEL BRYANT *vs.* THE DAMARISCOTTA BANK.

The *st.* 1838, *c.* 326, § 3, additional to the act regulating banks and banking, is prospective in its operation, and is to be applied only to bills, the payment of which might be subsequently demanded.

A bank bill, like any other note of hand, payable on demand, but *having no place of payment appointed therein,* may be sued, and the action may be sustained, without proof of any special demand.

The true construction of the eleventh section of *st.* 1831, *c.* 119, to regulate banks and banking, is, that if the officers of a bank refuse or delay payment, in gold or silver money, of any bill demanded and presented for payment at the bank, in the usual banking hours, the corporation is made liable, after fifteen days from such demand, to pay the additional damages of twenty-four per cent. per annum.

If the demand upon the bank be proved to have been *for specie for the bills* presented, the jury are authorized to infer, that the demand was intended, and understood to have been for such coin as constitutes a legal tender.

A demand of payment merely, is sufficient, and it may be made by an agent, the agency being avowed, and the principal disclosed.

THE action was assumpsit, on divers bills of the bank, amounting in the whole to the sum of four hundred dollars. There was a special count on each bill, wherein the plaintiff described the bill, alleged ownership in himself, a demand of payment thereof at the counter of the bank, in usual banking hours, a refusal to make payment at that or at any other time, that a delay of more than fifteen days had taken place, and that in consideration thereof, and by force of the statute in such case made and provided, the defendants became liable and promised to pay the amount of the bill, and damages, at the rate of two per cent. per month from the time of the demand.

At the trial before EMERY J. as the report states, " the demand of the specie for those bills at the counter of the defendants' banking house or room, in the usual banking hours, was proved to have been made by the plaintiff's agent, for the plaintiff, of the cashier of the bank on the third day of *July,* 1837, and that no payment was then or ever made, nor any tender of payment thereof, to the plaintiff or his agent, nor any other presentment and demand of payment, than was proved to have been then made." This bank paid specie for a time after the general suspension of specie payments by the *New-England* Banks, but on *May* 25, 1837, the di-

Bryant *v.* Damariscotta Bank.

rectors voted, not to pay specie until the Banks generally in *Boston* resumed specie payments.    After this the cashier paid no specie.    The bank surrendered its charter, and the surrender was accepted by the legislature in *March,* 1838.    The stock had been divided among the stockholders before the trial.    It did not appear in the report, whether the bills were made payable at the bank, or not ; but it was said in the argument that no place of payment was fixed.

The counsel for the defendants, requested the Judge to instruct the jury : —

1. That if no demand was made by the plaintiff, or his agent for the payment of the bills in suit, prior to the bringing of the action, it cannot be maintained.

2. That to constitute a demand, it is necessary that it should be so plainly and distinctly made, that the person upon whom it is made, shall understand that payment is demanded.

3. That if the jury shall be satisfied, that a demand was made at the time and in the manner stated in the deposition, and that no other demand has been made at any time, the plaintiff is entitled to recover only the amount of the bills and interest at the rate of six per cent.

The Judge declined to give the first and third requested instructions, but gave the second : — and further instructed the jury, that if from the evidence in the case, they were satisfied, that the bills mentioned in the plaintiff's declaration were by his agent presented at the counter of the defendants' banking house in usual banking hours, and payment of the specie therefor demanded, it would authorize them to find for the plaintiff the principal of the notes declared on, and two per cent. per month interest, as damages.

The jury found for the plaintiff, for the amount of the bills with damages, at the rate of two per cent. per month.    The verdict was to be set aside, if the instructions requested and withheld, should have been given, or if those given were erroneous.

*J. Holmes,* for the defendants, contended : —

That the demand being made for *specie,* was not legal.    It is not a demand for *gold or silver,* as the statute requires.    Gold and silver are made a legal tender in payment of bills presented, but gold and silver are not always specie.    The plaintiff claimed to be

paid in a manner he was not entitled to, and his demand was there-- fore of no effect. A suit even for the six per cent. interest cannot be maintained, much less one for the penalty.

The demand was not legal, because made by an agent. The demand must be made by the holder of the bills, and not by proxy. The tender is to be made only to the person making the demand

By the statute of 1838, c. 326, § 3, thirty days are allowed in which the bank may pay the money, and a second demand must be made, before the penalty of two per cent. per month attaches. This applies to all cases. It either repeals the former statutes on this subject, or is explanatory of them. The re-enactment of the same subject matter is a repeal. 4 *Bac. Ab.* 645; 1 *Inst.* 381.

This is a penal statute and is to be construed strictly. It is called a penal statute in the act, and it is penal in its provisions.

The legislature has power to take away any right given by stat- ute. The power exists to take away penalties incurred at any time before judgment. *Medford* v. *Learned,* 16 *Mass. R.* 216; *Pat- terson* v. *Philbrook,* 9 *Mass. R.* 151; *Thayer* v. *Sevey,* 2 *Fairf.* 284; 6 *Wend.* 526; 4 *Wend.* 210.

*Groton* and *Tallman,* for the plaintiff, contended, that where a bill is payable on demand, and no place of payment is fixed in the bill as in this case, that a suit for the six per cent. might be maintained without any demand. *Bailey on Bills,* 197; 3 *Wen- dell,* 21.

This is not a penal statute, but a remedial one. It merely gives to the party injured by the delay an additional interest.

The statute of 1838 does not in terms repeal the prior statutes on this subject, and is merely prospective. But if it did, it would be inoperative, as the legislature had no more right to take away the forty-eight dollars of interest which had accrued, than the four hundred dollars of principal. *Story's Conflict of Laws,* 251.

A demand may at any time be made by an agent. There is nothing in this statute requiring a different demand from what is usual in ordinary cases.

The demand for specie was distinctly understood to mean a de- mand to be paid in the legal currency, and so the jury have found, under the instruction given by the Court at the request of the coun- sel for the defendants.

The opinion was by

WESTON C. J. — The statute of 1838, *c.* 326, contains no repealing clause affecting any question presented in this case. In our opinion the third section is prospective in its operation, and is to be applied only to bills, the payment of which might be subsequently demanded. It did not therefore affect such as might have been previously demanded, or any right of action, which had accrued, under any former law.

A bank bill, like any other note of hand payable on demand but appointing no place of payment, may be sued, and the action may be sustained, without proof of any special demand, and the judge was right in declining to instruct the jury, that proof of such demand was necessary to the maintenance of the action.

With regard to the right of the plaintiff to recover damages, at the rate of twenty-four per cent. as found by the verdict, in our judgment, it is sustained, whether the action is to be understood to have been brought under the statute of 1831, *c.* 519, § 11, or under that of 1836, *c.* 233, § 1. The latter gives damages at the rate of two per cent. per month, if payment of the bank bills of any bank shall have been delayed or refused, beyond the period of fifteen days, after payment of the same shall have been demanded, at the counter of the bank. The former gives the same damages, being at the rate of twenty-four per cent. per annum, " in case the officers of any banking corporation aforesaid in the usual banking hours shall refuse or delay payment after demand made at the bank, in gold or silver money of any note or bill of said corporation there presented for payment." A more accurate pointing, and a little different collocation of sentences, would have removed all possible obscurity as to the meaning of the legislature; but it appears to us sufficiently obvious, as it stands. If the officers of the bank refused or delayed payment, in gold or silver money, of any bill demanded and presented for payment at the bank, in the usual banking hours, the corporation is made liable after fifteen days from such demand, to pay the additional damages. On the one hand the holder is to demand payment of the bill, and on the other, the officers of the bank are to make payment in gold or silver money. It is not made necessary that the holder should demand payment in

gold or silver money ; a simple demand of payment is all, which is required of him.

But a demand of payment merely, has the same effect ; gold and silver money being the only currency, which can amount to a legal tender. By the constitution of the *United States, art.* 1, § 10, clause first, no State can make any thing, but gold and silver coin a tender in payment of debts. The bank then could have no right to pay in copper, or in uncoined gold or silver bullion. Nor does it appear to us, that a demand of payment in specie, impairs the right of the plaintiff. Specie may be well understood to mean such coin, as constitutes a legal tender. The Judge instructed the jury, at the request of the counsel for the defendants, that to constitute a demand, it is necessary that it should be so plainly and distinctly made, that the person upon whom it is made, shall understand that payment is demanded. And the jury were justified from the evidence in finding this fact. The demand might be made by an agent, the agency being avowed and the principal disclosed.

We perceive no error, on the part of the presiding Judge, either in giving or withholding instructions.

*Judgment on the verdict.*