## DAVID WARE *vs.* JAMES HEWEY.

A loan of money " to be paid when called for," is due on the day the money is lent, and the statute of limitations begins to run from that date.

ON EXCEPTIONS.

ASSUMPSIT on account annexed. The writ was dated July 26, 1868.

The plaintiff introduced evidence tending to show that on July 20, 1862, he loaned the defendant the sum of money mentioned in the account annexed to the writ, with an agreement on the part of the defendant that it was " to be paid when called for ;" and that he called on the defendant for payment of the same in a month or more, after the time of the loan. The presiding judge instructed the jury, among other things not excepted to, that the statute of limitation would commence to run from the date of the loan, and that if six years had elapsed from the date of the loan before the writ was made, the plaintiff could not recover in this action, and that the verdict of the jury must be for defendant.

The plaintiff requested the presiding judge, who declined to instruct the jury, that if the money was loaned by plaintiff to be paid when called for, then the statute of limitations would not commence to run until it was called for by the plaintiff.

The verdict was for the defendant, and the plaintiff alleged exceptions.

*N. M. Whitmore 2d,* for the plaintiff.

*Clay,* for the defendant.

APPLETON, C. J. A promissory note payable on demand is due instantly, and the statute of limitation begins to run from its date. An action may be maintained on a bank-bill payable on demand, but having no place therein appointed for payment, without a special demand. *Bryant* v. *Damariscotta Bank,* 18 Maine 240. It makes no difference, though the note be " on demand, with interest

after six months," or to pay " when demanded, " or " whenever called upon to do so." *Rice* v. *West*, 2 Fairf. 323. *Young* v. *Weston*, 39 Maine, 492. *Kingsbury* v. *Butler*, 4 Verm. 458. *Waters* v. *The Earl of Thanet*, 2 Queen's Bench (42 E. C. L.), 757.

The debt in this case was due when the loan was made. The defendant is in no worse condition than if he had signed a note, payable on demand. By the general current of American authorities, the statute of limitations would, in such case, have commenced running, when the debt was created. Whether the loan was payable on demand, or " when called for," can make no difference. It was payable on demand. The statute of limitations is a bar.                    *The exceptions must be overruled.*

CUTTING, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.