*W. P. Frye & J. B. Cotton*, for the plaintiff.

*S. & J. W. May*, for the defendants.

———————◆———————

## JOHN LEE *vs.* JANE LANAHAN.

*Married Women — promise of prior to act of 1866.*

In September, 1863, the plaintiff deposited one hundred dollars, for safe-keeping, with the defendant, who was at the time and still is a married woman; and in August, 1870, demanded the same of her, who refused to deliver it.  In assumpsit for money had and received, *Held*, (1) That at the time of the deposit no action could be maintained against a married woman on her contracts; (2) That the act of 1866, c. 52, making her contracts valid, was prospective and not applicable; and (3) That the action was not maintainable.

ON EXCEPTIONS.

ASSUMPSIT for money had and received.   The writ was dated Aug. 13, 1870.

It appeared that on the 3d of September, 1863, the plaintiff deposited with his daughter, the defendant, who then was and still is a married woman, for safe keeping, the sum of one hundred dollars, and on 17th September, the further sum of twenty dollars; that on Aug. 12, 1870, having received none of the deposits, the plaintiff demanded the several sums of the defendant, who refused

to deliver the same or any part thereof, whereupon this action was brought.

The presiding judge ruled that the action was not maintainable on the foregoing facts, and the plaintiff alleged exceptions.

*W. P. Frye & J. B. Cotton*, for the plaintiff.

When a bailee refuses to redeliver the subject of the bailment, he so far converts it, as to be liable in tort.

And it may be stated in general terms, that where one man wrongfully takes another's money or money's worth, the latter, although having a clear right to maintain an action as for a tort, may waive the tort and sue in assumpsit for money had and received. 2 Greenl. Ev., § 120; *Mason v. Waite*, 17 Mass. 560.

The basis of such an action is not of a contract between the parties, but legal obligation. 2 Greenl. Ev., § 118, and cases cited; *Hall* v. *Marston*, 17 Mass. 579; 2 Greenl. Ev., § 119; Metcalf on Cont. 5.

Suppose a minor embezzles money and refuses to restore it, a case entirely devoid of the elements of a contract; yet, notwithstanding his minority, it is held that the money may be recovered under a count for " money had and received." Oliver's Precedents, assumpsit.

Is there a legal obligation upon a married woman to restore money which she has no " right conscientiously to retain? "

If a married woman is made a depositary, she has no right to detain the deposit, and the husband is bound to restore it if within his power. Story on Bailments, § 50.

In that case the specified article is to be returned.

Why was the husband liable? Because, then, on marrying the woman she became a legal nonentity. All her personal property either became his or might be made so, while her real estate was effectually under his control. The wife had nothing out of which to satisfy a claim for damages for retention of the deposit. 2 Kent's Com. 144 (10th ed.).

But this general rule is subject to certain exceptions,—when the

principle of the rule could not be applied, and when reason and justice dictate a departure from it.    2 Kent's Com. 144 (10th ed.).

The action of *Fuller* v. *Bartlett*, 41 Maine, 241, is unlike the present.    That was an action sought to be sustained on a contract.

Neither is the action barred by the statute of limitations.

It is a statute of strict right, and must be pleaded.    Angel on Limitations.

No right of action accrued till after demand made by plaintiff.

If one place money or goods in the hands of another upon an agreement that the bailee shall keep them safely and return them when demanded by the bailor, it is a direct trust to which the statute will not apply.    Angel on Limitations, 170 ; Ballentine on Limitations, 309 ; Blanchard on Limitations, 40.

*M. T. Ludden*, for the defendant.


APPLETON, C. J.    Where money is loaned to be repaid upon demand, the statute of limitations instantly attaches.    *Ware* v. *Hewey*, 57 Maine 391.

But where it is deposited for safe-keeping, no action lies until after a demand.    *Hosmer* v. *Clarke*, 2 Greenl. 308.

As more than six years elapsed between the deposit and the demand, it may be questionable whether the demand was made within a reasonable time, which would seem to be within the time required by the statute for bringing an action.    *Codman* v. *Rogers*, 10 Pick. 112.

But however that may be, at the time of the deposit in 1863, no action was maintainable against a married woman, upon contracts entered into by her.    *Fuller* v. *Bartlett*, 41 Maine, 241 ; *Ayer* v. *Warren*, 47 Maine, 217.

This is an action of assumpsit, and upon a contract express or implied.    The contract to return the deposit was made when the money was deposited.    The defendant was not then liable on her contracts.    No contract has since been made.    The act of 1866, c. 52, providing that " the contracts of any married woman,

made for any lawful purpose, shall be valid and binding," is prospective, and has no application to past contracts. If the wife is not liable upon her note of hand, she cannot be liable where there is no written promise. An oral promise of a married woman is not more binding than one in writing. *Bryant* v. *Merrill*, 55 Maine, 515.

*Plaintiff nonsuit.*

CUTTING, KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.

TAPLEY, J., dissented.