JOHN S. PAINE *vs.* JOHN CASWELL *et als.*

Somerset.   Decided February 26, 1878.

### *Interest.*

On a note payable on demand with interest at ten per cent, that rate of interest is recoverable up to the date of the verdict, when damages are assessed by a jury; and up to the date of judgment, when a default is entered in a suit on the note.

ON REPORT.

ASSUMPSIT.

*A. H. Ware,* for the plaintiff.

*J. J. Parlin,* for the defendants.

PETERS, J.   The defendants are sued upon a note which reads : "For value received we promise to pay John S. Paine, or order, five hundred dollars and interest at 10 per cent." The question is : For how long a period can the plaintiff require that rate of interest to be paid. The note, although not so expressed, is on demand. Where a note is payable on time with interest exceeding six per cent, no more than six per cent is recoverable after maturity, there being no bargain for interest after that time. In such case, interest after the note is due is allowed only by way of damages. *Eaton* v. *Boissonnault,* 67 Maine, 540. It is different, however, if the note stipulates for extra interest after, as well as before, it is due. In such case, the rate of interest is collectible according to the contract. *Capen* v. *Crowell,* 66 Maine, 282.

Applying this doctrine, as well as it can be applied, to the present case, we think interest at the rate agreed should be reckoned up to the date of judgment to be recovered upon the note. The meaning of the parties could not have been, that interest at the rate named was payable until the note was due and not after, because there was no time after the note was delivered before it became due. It was due *instanter.* It could have been sued by the plaintiff on the moment he received it. The statute of limitations then commenced to run against it. It could not have been in the contemplation of the parties that the note was to be

immediately paid ; for, in such case, the note would be but an idle form. The idea of the contract must have been that the maker would pay the stipulated interest as long as the note might run. Such a note as this is denominated in the cases as a "continuing promise" and a "continuing security." We decide that the ten per cent interest shall be allowed on the note up to the date of judgment thereon. No other rule would be practicable. Had a jury assessed the damages, their verdict would have been the terminal point at which the extra interest would stop.

APPLETON, C. J., WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.