ABIGAIL L. SANFORD *vs.* STEPHEN L. LANCASTER, executor.

Kennebec. Opinion April 8, 1889.

*Limitations. Trustee. Agent.*

It is the settled law, in this state, that whenever money is payable immediately, or on demand, or when requested, or when called for, the statute of limitations commences to run immediately, whether any demand of payment is made or not.

An action at law, is not maintainable between a trustee and *cestui que trust*, in matters arising out of the trust. The remedy is in equity.

An agent invested his principal's money in a loan, secured by an absolute title of real estate to himself, with the knowledge and consent of the principal. The debt not having been paid, the principal is entitled to have the property, and all evidences of the debt transferred to him.

ON REPORT, from the superior court, for Kennebec county. The law court were empowered to draw such inferences, from the legally admissible testimony, as a jury might and render such judgment thereon, as the law and evidence required.

This was an action of assumpsit. There were two counts in the declaration. The first count was upon a promissory note of Sewall Lancaster, defendant's testator, for four hundred dollars dated September 22, 1875, and payable to the plaintiff on demand with interest. The note, upon which defendant's liability was admitted, bore indorsements of interest paid to September 22, 1884.

The second count was for seven hundred dollars, money had and received, by the said Sewall Lancaster to the use of the plaintiff. Under this count the plaintiff offered in evidence, two instruments in writing, signed by said Lancaster, of the following tenor, to wit:

"Received of Abigail L. Sanford, three hundred and seventy-five dollars for investment, for which she is to have eight per cent. interest per annum, from this date—October 14, 1870, and which I am to pay.

$\left\{\begin{array}{l}\text{2 cent U. S.}\\\text{Rev. stamp.}\end{array}\right\}$    S. LANCASTER."

"Feb'y 25, 1878.

The above is secured by real estate conveyed to me, and which I hold in trust for Mrs. A. L. Sanford.

S. LANCASTER."

"June 6, 1871. Received of Mrs. Abigail L. Sanford, two hundred dollars, for investment with interest from this date.

S. LANCASTER."

"The above was loaned to Walter Matthews, the loan secured by real estate conveyed to me.

S. LANCASTER."

Plea, general issue, with brief statement that the alleged cause

of action in the second count, had not accrued within six years next before the bringing of the suit.

The testimony disclosed the transaction between the parties, to be of the following character:

The plaintiff, Mrs. Sanford, loaned $375.00, October 14, 1870, to one Walter Matthews, now deceased, and the loan was secured by real estate conveyed to Sewall Lancaster, in trust for her. June 6, 1871, she loaned the same party $200.00 secured in the same way. In 1875, the buildings on one of the lots conveyed to Lancaster, in trust, was destroyed by fire. The insurance money, $500.00, was collected by him, September 20, 1875, and on September 22, 1875 he paid the plaintiff $400, the net proceeds of it, which was indorsed on his receipt for $375.00 dated October 14, 1870. On the same day, September 22, 1875, the plaintiff loaned this $400.00 to said Lancaster, taking his note therefor,—being the note declared on, in this case.

October 14, 1872, Lancaster paid the plaintiff $50.00 which was indorsed upon his second receipt for $200.00; but besides the interest on his note, made her no other payments.

March 19, 1884, there was an interview between the parties. The plaintiff produced the note and it appears to have been written near the bottom of a sheet of paper, and there were figures of computations on the same sheet, above the note. The final figures are $480.81 and against them, a memorandum "will be due Oct. 14, 1884." Said Lancaster died March 3, 1885.

The plaintiff contended that the figures, thus placed above the note were put there by Lancaster, March 19, 1884, to show how much he owed her, besides the note; and that they are a sufficient acknowledgment and promise in writing to take the case out of the statute, and to make him personally liable therefor.

The defense contended that they were made September 22, 1875, to show plaintiff how much was then due her on the Matthews' investment after deducting the $400 insurance money loaned to Lancaster; and that the last computations were made March 19, 1884, for the same purpose, and when the last payment of interest, including six months advance, was made.

*S. and L. Titcomb,* for plaintiff.

The note described in the first count of the plaintiff's writ, admitted to be due by the defendant, becomes material only as to the indorsements and figures thereon proved to be in the handwriting of the testator, as evidence of the indebtedness upon the papers under the second count.

The receipt for $375.00 for investment of October 14th, 1870, containing an express agreement for the payment thereof, with interest from that date, by the defendant's testator, cannot be construed as a promise to pay at its date, but the right of action would commence upon demand, and not before,—and the evidence clearly shows that no legal demand was made until March 19th, 1884; and the action is not, therefore, barred by the statute of limitations.

The receipt of June 6th, 1871, for $200.00 is also of the same nature. The evidence in writing and figures proved to have been made by the testator, relates to the whole amount of his indebtedness when so made in 1884, of between eight hundred and nine hundred dollars at that time ; and the statute of limitations would not commence running prior to that date. *Thomas* v. *Waterman,* 7 Met. 227, 229; *Reynolds* v. *Sumner,* 3 Ill. 663; 12 West. Rep. 827.

Where defendant invests funds of another in his own name, the statute of limitations does not apply. *Trustees* v. *Harrodsburg &c. District* (Ky.), 7 S. W. Rep. 212; *Thomas* v. *Merry,* (Ind.), 15 N. E. Rep. 244; *Horne* v. *Ingraham,* (Ill.), 14 West. Rep. 567.

The defendant claims that, if the two receipts are personal obligations of Sewall Lancaster, deceased, they are barred by the statute of limitations ; and if they disclose a trust, the remedy is in equity and not at law. We answer, that, assuming the general rule to be, that a *cestui que trust* can not sue his trustee at law, it is well settled, that if a trustee admits a balance in his hands, due from him to the *cestui que trust,* he may be sued at law on such admission. 1 Chitty's Pleading, (16 Ed.) 40 ; *Roper* v. *Holland,* 3 A. & E. 99; S. C. 1 Har. & Woll. 167; 4 Nev. & Man. 668.

*R. W. Black,* for defendant.

Counsel argued that if the two receipts were personal obliga-

tions, they are barred; and if they disclose a trust, plaintiff's remedy is in equity for specific performance.

Trust not terminated by demand; no demand for money made. Plaintiff only asked if it was not about time she had a deed of the Matthews' property, and Lancaster replied he didn't know but it was.

Not a case of diversion of funds, or failure to invest. Matthews' estate, only, liable for the money. Investments made with knowledge and consent of plaintiff.

The words "and which I am to pay" in the receipt relate to the payment of interest and not the principal. Lancaster was to have the care of the property, collect the interest and pay it to plaintiff; but not become personally liable before it was collected.

WALTON, J. We do not think the claim to recover the money received by Mr. Lancaster in 1870 and 1871, can be sustained. It was received "for investment." His receipts so state. And we doubt if he or the plaintiff ever understood that he was to be personally liable for its payment, except as it should be collected from the one to whom it was loaned. But if it was received under such circumstances as to make him personally liable for it, very clearly the claim is barred by the statute of limitations. Nothing was paid on it for nearly ten years before Mr. Lancaster's death, and there is no new promise such as will take it out of the operation of the statute. The law is well settled in this state, whatever the rule may be in other states, that whenever money is payable immediately, or on demand, or when requested, or when called for, the statute of limitations commences to run immediately, whether any demand of payment is made or not. Of course, the statute will not commence to run till a right of action accrues; but in such cases a right of action accrues immediately. *Young* v. *Weston*, 39 Maine, 492; *Ware* v. *Hewey*, 57 Maine, 391.

It is urged that this was a trust, and that the statute of limitations does not run against trusts. This is a suicidal argument so far as this suit is concerned; for the doctrine invoked applies only to suits in equity, and to such trusts as are cognizable in equity alone. If the true relation existing between the plaintiff

and Mr. Lancaster was that of trustee and *cestui que trust* (and we incline to think it was), and the trust was of such a character that the statute of limitations would not run against it (and on this point our minds incline to the affirmative), then her remedy is exclusively in equity, and, so far as this claim is concerned, her action at law is not maintainable.

It is plain that Mr. Lancaster received the plaintiff's money for investment; that he loaned it to Walter Matthews; and, as security, took an absolute title of real estate to himself; he acknowledged in writing that he held the real estate in trust for the plaintiff; she seems to have had full knowledge of this arrangement, to have acquiesced in it, and to have been satisfied with it. Mr. Lancaster now being dead, and the debt not being paid, we can perceive no reason why in equity and good conscience she is not entitled to have the real estate, and all other evidences of the debt, transferred to her. If this is done by the heirs or devisees of Mr. Lancaster voluntarily, there will be no occasion for further litigation; if not, then the plaintiff's remedy is in equity. We are clear that, so far as this claim is concerned, an action at law can not be maintained.

The first count, in the plaintiff's writ is on a note of hand. On this count she is entitled to judgment for $400, and interest from Sept. 22, 1884. This is conceded by the defendant.

*Judgment for plaintiff.*

PETERS, C. J., DANFORTH, VIRGIN, LIBBEY and FOSTER, JJ., concurred.