**CLARK v. GIBBS.**

No. 7061.

Circuit Court of Appeals, Fifth Circuit.

Feb. 10, 1934.

Rehearing Denied March 5, 1934.

Stuart B. Warren, of St. Petersburg, Fla., for appellant.

Wm. G. King, of St. Petersburg, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCH-ESON, Circuit Judges.

SIBLEY, Circuit Judge.

Mrs. Ella E. Clark sued the executor of her deceased husband upon a note given to her by her husband the day before their marriage as part of an antenuptial settlement. Pleas of payment and accord and satisfaction were tried before a jury and a verdict directed for the defendant, plaintiff appealing.

We find it necessary to consider only whether the note was fully paid. It reads as follows: "40,000.00. Atlanta, Ga., Nov. 16, 1916. On demand after date I promise to pay to the order of Ella E. Bacheller $40,-000.00 at his office in Madison, Maine, without defalcation, for value received. Chas. H. Clark." During 1917 credits amounting to $6,600 were entered on it in Clark's handwriting. After his death on June 1, 1931, in Maine, the executor there appointed, overruling Mrs. Clark's claim to interest on the note and that the credits were really gifts to her, paid her the balance of the principal together with the amount of a legacy given her by will, and took her receipt in full of all claims against the estate. Mrs. Clark now renews her contentions touching the credits and interest. The note was produced to the executor in Maine by Mrs. Clark and the entries upon it are presumptively correct. She has the burden of disproving them. 8 C. J. Bill and Notes, p. 1042; Harrell v. Durrance, 9 Fla. 490. Her incompetency to testify to transactions with the testator was recognized in the trial, but the executor testified that at the time of his settlement with her she said they were gifts. It was no doubt proper under the plea of accord and satisfaction thus to prove what contentions were made and settled, but the self-serving declaration of Mrs. Clark is not to be taken under the plea of payment as proof that the sums credited were gifts. That in such circumstances she said they were gifts is not evidence that they were such. The credits must stand.

Mrs. Clark claims interest from the date of the note in an amount exceeding its principal. As in the case of the credits, her assertion to the executor that she had demanded payment of Clark in his lifetime is not evidence that a demand was ever made. But Mrs. Clark contends that the note made in Georgia was under Georgia law, and by Georgia Civil Code, § 3434, it is provided: "In case of promissory notes payable on demand, the law presumes a demand instantly, and gives interest from date." This note, though executed and dated in Georgia, is payable at the maker's office in Madison, Me., and it is not payable on demand but on demand after date. We think payment could not have been demanded until the day following its date, and then only in Madison, Me., which was Clark's domicile. When persons execute in one state a contract to be performed in another, they may contract with reference to the law of either state; their intention being, as is usual in matters of contract, allowed to control. Pritchard v. Norton, 106 U. S. 124, 1 S. Ct. 102, 27 L. Ed. 104; 5 R. C. L. Conflict of Laws, § 27. When there is no stipulation otherwise, the formalities of execution and often the construction of the words of the contract are referred to the law of the place of its execution, Scudder v. Union National Bank, 91 U. S. 406, 23 L. Ed. 245; but matters relating to the performance or the consequences of a failure to perform are referred to the

law of the place contemplated for performance, Pritchard v. Norton, supra; 12 C. J. Conflict of Laws, § 31. The application of the lex loci solutionis is especially well settled in the case of negotiable instruments and in reference to the matter of accrual of interest and its rate when not stipulated therein. Coghlan v. South Carolina R. R. Co., 142 U. S. 101, 12 S. Ct. 150, 35 L. Ed. 951; Andrews v. Pond, 13 Pet. 65, 10 L. Ed. 61; 33 C. J. Interest, § 18; 8 C. J. Bills and Notes, § 153. We cannot doubt that this note expressly made payable on demand after date in Maine, the intended domicile of both parties, looked to the law of Maine and not to the law of Georgia as to all matters relating to its payment or demand therefor and interest consequent on default. In Maine the statutory law did not presume demand and default instantly, but provided: "In an action on a promissory note payable at a place certain, either on demand, or on demand at or after a time specified therein, the plaintiff shall not recover, unless he proves a demand made at the place of payment prior to the commencement of the suit." Rev. St. Me. 1916, c. 40, § 39; continued in force as to this note by Rev. St. Me. 1930, c. 164, § 195. Even when no place of payment is specified and no demand at that place under the above-quoted statute is necessary to establish a right to sue, the suit itself operating as a demand, interest not contracted for, but accruing only as damages for default in payment, is counted only from the date of demand or suit. House v. McKenney, 46 Me. 94. In Whitcomb v. Harris, 90 Me. at page 211, 38 A. 138, 140, we read: "Upon an indebtedness without interest, payable at no particular time, but upon demand, a demand is necessary to make the indebtedness due, and interest only begins to run from the time of maturity." In 33 C. J. Interest, §124, on abundant authority it is said: "The general rule is that interest on a debt payable on demand runs only from the time a demand is made, or in case no specific demand is made from the date of the commencement of the action." This contract between Clark and his intended wife does not promise to pay any interest. None was contemplated by them. If any be due, it is because of a default on his part in refusing to pay on demand. Without a request for payment, it cannot be said that he at his death had been in default for more than fourteen years.

Great delay makes against the allowance of interest not contracted for, even when technically recoverable. Redfield, Ex'x, v. Ystalyfera Iron Co., 110 U. S. 174, 3 S. Ct. 570, 28 L. Ed. 109. In collecting the principal of the note, Mrs. Clark appears to have gotten all that was legally owing to her on it. It is unnecessary to inquire whether she would otherwise be bound by the settlement with the executor.

Judgment affirmed.

## On Motion for Rehearing.

Several Maine cases are cited to show that the note in controversy bore interest under the law of Maine. None is in point. Young v. Weston, 39 Me. 492; Ware v. Hewey, 57 Me. 391, 99 Am. Dec. 780; Sanford v. Lancaster, 81 Me. 434, 17 A. 402; Matthews v. Matthews, 128 Me. 495, 148 A. 796, all hold that a note payable generally on demand is suable at once and that limitation therefore commences to run at once. This is the general rule elsewhere. 8 C. J., Bills & Notes, § 602; 8 Cyc. pp. 125, 130, 25 Cyc. p. 1100; 17 R. C. L., Limitations, § 136. But the rule does not apply to this note, because it is payable at a particular place, and by the Maine statute cited in the opinion it could not be sued except after a demand at that place. Interest, however, is the question here, and not limitation or suability without demand. The cases of Paine v. Caswell, 68 Me. 80, 28 Am. Rep. 21, and Colby v. Bunker, 68 Me. 524, deal with notes in which interest was contracted for, and hold that the contractual rate applies after demand as well as before. In Mrs. Clark's note no interest was contracted for and in the absence of statute none is to be imposed by way of damages until an actual demand and wrongful refusal to pay, as stated in the opinion of the court.

It is said that the credits which Mr. Clark entered on the note in 1917 prove a demand then, but the evidence shows that afterwards he gave Mrs. Clark checks which are not credited amounting to more than the face of the note. These presumably were gifts to his wife. But if she was demanding payment of the note they would naturally have been applied to it by them. Taken together, we think the circumstances do not tend to show a demand.

Motion denied.