**Floyd Alexander KERR, Co-executor Estate of Howard C. Rogers,**

v.

**UNITED STATES of America.**

**Civ. A. No. 2259.**

United States District Court
E. D. Virginia,
Alexandria Division.

Oct. 4, 1961.

Norbert J. Heubusch, Alphonse J. Audet, Jr., Arlington, Va., for plaintiff.

Plato C. Cacheris, Asst. U. S. Atty., Alexandria, Va., for defendant.

LEWIS, District Judge.

This is a suit seeking refund of inheritance taxes paid under a deficiency assessment. The amount in controversy is $16,477.31.

The executor of the estate of Howard C. Rogers paid $60,693.53 to Elizabeth Rogers, the sister of the deceased, that being the balance due on the running account of Howard C. and Elizabeth Rogers, and listed the same as a payable debt by the estate.

The Inheritance Tax Division of the Internal Revenue Bureau disallowed the claim, contending it was not a payable debt of the estate, and if it was a payable debt, $50,213.53 thereof was barred by the statute of limitations.

---

We disagree with both of these contentions on the part of the Government.

The evidence is clear in this case (in fact, it is not disputed) that the sister of the deceased loaned her brother over a period of more than thirty years the net sum of $60,693.53. The deceased kept accurate and complete records of this running account in his regular books of account. He, or his employees, made entries when and as various sums were advanced by the sister. Entries were likewise made of rents collected by the deceased for properties owned by the sister and of various and sundry expenses paid by the brother for the sister. The balance, in this running account, varied in amount from time to time, depending upon the amount of advances by the sister and the amount of expenditures paid by the deceased.

That the balance due in this account was intended as a loan and accepted as such by both parties, cannot be seriously questioned. The daughters of the deceased, his bookkeeper and mutual friends of both parties all testified that the net amount as shown in this account was the balance due from the brother to the sister as of the date of the brother's death. Interest on this net balance was accurately computed and paid semi-annually.

The evidence further discloses that the sister was a woman of means and that the deceased brother was using this money in connection with his personal business in Hamilton, Virginia. To quote the sister, she loaned her brother this money from time to time, with the understanding that it need not be repaid until he (her brother) could conveniently repay it or until she needed it.

The Government contends that this so-called running account was, in fact, three separate accounts, namely, one dated March 1, 1943, captioned "By Balance Forward" $35,293.07; one dated November 23, 1951, for $5,000; and the other a running account, showing a balance due of $20,400.46 as of the date of the death of the brother. It further contends the notations [1] in the account book clearly indicate that payment of these items by the executor was barred by the statute of limitations and that all of the items in the running account, over three years, were likewise barred by the statute of limitations.

There was no evidence, however, that these notes were ever, in fact, drawn and delivered to the sister. In fact, the sister stated she never requested or received these or any other notes for the money due her. Further, the company bookkeeper testified the only explanation she could give for these "notations", were that interest on the older amount was computed and paid at the rate of 4% and interest on the remainder of the debt was computed and paid at the rate of 5%.

The citation of the giving of the said notes was the primary evidence offered by the Government in support of its contention that this indebtedness was, in fact, three separate items of indebtedness, two of which were completely barred by the statute of limitations. This is not enough to satisfy the Court that the amount claimed was not a just debt payable by the estate.

In any event, the balance due on this "running account" when considered in connection with the proven intention of both the lender and borrower was a claim that could be paid whenever it suited the convenience of the deceased brother and was not, therefore, barred by the statute of limitations. See Garner v. Beskin, 198 Va. 653, 96 S.E.2d 117. See also Whitehurst v. Duffy, 181 Va. 637, 26 S.E.2d 101.

Therefore, the Court is of the opinion that the deficiency assessment imposed by the District Director of Internal Revenue in this case was erroneous and illegally collected and the amount so

1. A note dated January 1, 1943, given for above amount ($35,293.07) and turned over to H.C.R. (brother); demand note dated November 23, 1951 ($5,000) drawn and signed Hamilton Manufacturing Company, H. C. Rogers.

collected, together with legal interest thereon, should be refunded.

Counsel for the plaintiff should prepare an appropriate judgment order in accordance with this memorandum opinion, submit the same to counsel for the Government for approval as to form, and it will be accordingly entered.