## Landmark Communications, Inc., et al.

v.

## Jack F. Macione

Record No. 821320

September 6, 1985

Present: All the Justices

*Conrad M. Shumadine (Elizabeth Hoyes Esinhart; Willcox, Savage, Dickson, Hollis & Eley, P.C.,* on briefs), for appellants.

*Richard W. Whittemore (Moody E. Stallings, Jr.; Hanson, Stallings & Richardson*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

This is an appeal from a judgment awarding compensatory damages for slander to a private individual. The defamatory statement involved no matters of public concern. We reverse because of the plaintiff's failure to prove damages.

Jack F. Macione was a naval officer on active duty. He owned, with his wife, a corporation called "Forth Dimension Design and Decor, Inc.," which primarily rendered custom commercial interior design services, but devoted about 10% of its business efforts to serving as an advertising agency. In 1980, Forth Dimension contracted with the Ace of Clubs Racquetball Club, through its secretary and general manager, Peter E. Tortolini, to act as the club's advertising agency.

Landmark Communications, Inc., is the publisher of two daily newspapers in the Tidewater area. Forth Dimension placed repeated advertisements in Landmark's newspapers on behalf of Ace of Clubs in late 1980 and early 1981. Macione, on behalf of Forth Dimension, dealt with various employees of Landmark during this period. The relations between the parties were always difficult. Macione was unable, due to his naval duties, to communicate with Landmark's personnel except outside normal business hours, which caused difficulties in situations involving short deadlines. He admitted that he was a "perfectionist" and "difficult to work with" at times. In addition, Landmark admittedly made many mistakes in the placing and timing of the advertisements. These caused Tortolini to complain often to Macione, who in turn expressed dissatisfaction to Landmark's employees, often in evening telephone calls.

As a result of these difficulties, Landmark assigned the Ace of Clubs account to three successive advertising representatives. In early 1981, Thomas Drew was handling the account for Landmark. On a Saturday night, Macione called Drew at home to inquire why the Ace of Clubs advertisement had failed to appear in the Saturday evening paper. Drew testified that Macione was loud and abusive, that his words were slurred and garbled, and that he thought Macione had been drinking. Drew hung up.

Later, Drew informed a fellow Landmark advertising representative, Randy Reinerth, of his telephone call from Macione. Reinerth had a previous business relationship with Tortolini, dating from a time when Ace of Clubs dealt directly with Landmark, before hiring Forth Dimension as its advertising agent. At the direction of a supervisor, Reinerth personally visited the Ace of Clubs on February 6, 1981, and told Tortolini that Landmark was experiencing repeated problems in dealing with Forth Dimension. During this conversation, Reinerth told Tortolini of Macione's telephone conversation with Drew and that Drew had said Macione was "belligerent and drunk." At trial, Tortolini testified that he "chuckled" at this and said that he did not believe Macione was drunk because he knew he didn't drink at all, but that Macione could be "belligerent" and "obnoxious" when he was displeased because "[h]e's a perfectionist, and that's one of his qualities, traits." Macione introduced other evidence that he was a non-drinker, which was unrefuted.

After describing the telephone conversation between Macione and Drew, Reinerth said, "Well, I wanted you to know this, because if things change in the future, maybe we can do some business." When the contract with Forth Dimension expired on November 15, 1981, Tortolini did not renew it.

Macione filed a motion for judgment against Landmark, claiming both compensatory and punitive damages for injuries "to his business or professional reputation." No other damages were claimed. The pleading alleged that Reinerth's statement was slanderous *per se* because it imputed to the plaintiff an unfitness to conduct business and prejudiced him in his trade or profession.

At a jury trial, the court refused instructions on defamation *per se*, presumed damages, punitive damages, and the defense of qualified privilege. The jury was instructed that it should find for the plaintiff if he proved by a preponderance of the evidence that Reinerth made the alleged statement, that it was defamatory in the sense that people in the community would understand it to mean that Macione was unfit to perform the duties of his employment or if· its effect was prejudicial to him in his work, and if it was made with intent to injure him in his employment.

The court also instructed the jury that damages were not presumed, that Macione had the burden of proving each item of damage claimed, that he must show by a preponderance of the evidence that he was "actually injured in his employment by the

publication" in order to recover, that his corporation was a separate legal entity, and that Macione could recover only for damages sustained personally, and not for those suffered by the corporation. The jury returned a verdict against Landmark for $9,000 compensatory damages. The court denied Landmark's motion to set the verdict aside and entered judgment on it. We granted Landmark an appeal.

Landmark's appeal raises questions whether the case should have been governed by the rule of *Gertz* v. *Robert Welch, Inc.*, 418 U.S. 323 (1974), whether Landmark was entitled to the defense of qualified privilege, and whether the evidence supports any award of personal damages to Macione. Because we consider the final issue dispositive, the others require no discussion.

■ Macione showed no damages to himself, as opposed to those his corporation may have suffered. The court, as noted, gave no instructions on defamation *per se* or on presumed damages and, indeed, instructed the jury that Macione had the burden of proving each item claimed and that he could recover only those personally suffered, not those of his corporation. No cross-error was assigned, and these instructions are the law of the case. Macione was unable to testify to any injury to his personal or business reputation, and expressly waived, on appeal, any claim for humiliation or embarrassment. There was no showing in the record that his relationship with his employer was impaired, that his personal business prospects were affected, or that he had suffered any loss of income or anticipated any such future loss. His sole claim was that his corporation's contract with Ace of Clubs was not renewed when it expired, ten months after Reinerth's statement to Tortolini.

■ We held, in *Keepe* v. *Shell Oil*, 220 Va. 587, 591, 260 S.E.2d 722, 724 (1979), that a corporation, as owner and operator of a business, is itself the only person entitled to recover for injuries to its business, profits, or property. Its stockholders have no standing to sue in their own right for an injury to the corporation on the ground that the injury caused a depreciation in the value of their stock, nor does an employee have standing to sue for loss of earnings resulting from a tort committed by a third party against his employer.

The verdict was unsupported by evidence of damages and should have been set aside on Landmark's motion. Accordingly,

we will reverse the judgment appealed from and enter final judgment here for Landmark.

*Reversed and final judgment.*