## CIRCUIT COURT OF THE CITY OF HOPEWELL

Mathews et al.

v.

City of Hopewell

March 13, 1986

Case No. (Law) 84-129

By JUDGE W. PARK LEMMOND, JR.

The Court finds that a written contract came into existence between the parties on September 15, 1975, when the receipt was issued by the Treasurer's office.

Although the ordinance clearly states that its effective date is July 1, 1975, the printed minutes of the City Council clearly manifest the intent that the effective date of the new statute, and hence the repeal of the old statute, was to take place ninety days following the enactment, and thus the effective date of the new ordinance and repeal of the old was October 6, 1975. Hence, the old ordinance was viable on September 12, 1975, when plaintiffs tendered payment in accordance with said statute at $2.00 per linear foot.

The statute being still in effect, the Treasurer had the authority to issue a receipt for said payment. Although the receipt is not signed, the City of Hopewell "Paid" stamp avoids the Statute of Frauds as obviously being a symbol employed and intended to be a signature. *See Pilcher v. Pilcher*, 117 Va. 356 (1915). *Pilcher* comports with Black's Dictionary, which uses the definition of "Signed" from the Uniform Commercial Code: "Any symbol

executed or adopted by a party with present intention to authenticate a writing." Section 8.1-201(39), *Code of Virginia.*

An ordinance can form the basis for a contract between the City and individuals. *See Leonard v. Town of Waynesboro,* 169 Va. 376 (1937). In the case at bar, the Hopewell ordinance amounted to an offer of a unilateral contract requiring performance by the offeree in order to form the contract. The Hopewell City Charter establishes the record of all ordinances "kept by the City Clerk and authenticated by the signature of the presiding officer and of said Clerk" as *prima facie* evidence of the terms of the ordinances. The minutes of the July 8 meeting provide evidence that the recorded ordinance is not correct as to the terms of its effective date. Because the Charter considers the printed ordinance *prima facie* evidence that the terms shown are the terms enacted, the minutes must be consulted. The parliamentary history of an act set forth in legislative journals, such as the minutes of City Council, is usually the only evidence used to discredit the authenticity of an enrolled bill generally recognized by the courts.

Applying the Hopewell City Charter to the printed ordinance, and considering the content of the minutes of the July 8, 1975, Council meeting, the Court concludes that it was the intent of City Council to repeal the 1967 ordinance and replace it with the 1975 ordinances effective October 6, 1975.

The Court finding that a written contract existed, the applicable Statute of Limitations is five years. The Court agrees with counsel that the law in Virginia relative to the issues heretofore presented is stated in *Whitehurst v. Duffy,* 181 Va. 637 (1943). Quoting extensively from *Campbell v. Whoriskey,* 170 Mass. 63, *Whitehurst* sets out the general rule for Virginia that where some condition precedent to the right of action exists, the cause of action does not accrue, and action thereon cannot properly be commenced; nor does the Statute of Limitations begin to run until the condition is performed. The condition in the case at bar, as set out by both parties, evolves around the necessity of a demand by the plaintiffs for performance.

*Whitehurst* also stands for the proposition that the time when a demand must be made depends upon the construction to be put upon the contract in each case. In the case at bar, no time was set for performance nor for demand therefor. Under *Whitehurst* and *Campbell* the rule is that performance and/or demand must be made within a reasonable time. A reasonable time is a question of law and is to be determined by the nature of the contract and the intent of the parties as indicated by it.

Where there is no contractual evidence that performance and/or demand are to be made with great dispatch or to be significantly delayed, the time limited for bringing such an action after the cause of action accrues should ordinarily be treated as the time within which a demand must be made, or in this case, five years. Or, as the *Whitehurst* court quoted from *Bass v. Hueter*, 205 Cal. 284: "It has been uniformly held that unless there are peculiar circumstances affecting the question, a reasonable time is a period coincident with that provided in the Statute of Limitations barring the action."

The above rule, however, is a guideline which establishes the maximum "reasonable time" in such cases. This Court has no evidence before it upon which to determine what is reasonable under the circumstances of this case. Hence, an evidentiary hearing on this issue is necessary.

Another matter requiring an evidentiary hearing is that of determining whether or not plaintiffs fully performed under the 1967 ordinance, to wit: Subsection (a) regarding payment for cost of curb and gutter, etc. The Court understands the positions of both parties in regard to this issue, but evidence has not been presented for the purpose of determining whether or not, as alleged by the plaintiffs, the course of dealing, *modus operandi*, etc., existed which would justify plaintiffs in taking the actions they allege that they did undertake in lieu of payment in strict accord with Subparagraph 2(a) of the 1967 ordinance. This issue is of course threshold to that of determining reasonable time.

Because of the additional evidence yet to be produced, the Court cannot rule on the plea of the Statute of Limitations filed by the City at this time.

The City's Demurrer regarding the effective date of the ordinance is overruled.

The City's Demurrer as to compliance with the requisites of the 1967 ordinance shall, as the plea to the Statute of Limitations, continue under advisement pending presentation of evidence as stated above.

The Demurrer by the City regarding proceeding in equity is overruled.