## CIRCUIT COURT OF FAIRFAX COUNTY

Ahmad Ali Massoud Ansari

v.

Reza Pahlavi

April 18, 1991

Case No. (Law) 97435

By JUDGE MARCUS D. WILLIAMS

This case is presently before the Court upon defendant Pahlavi's motion for summary judgment, pursuant to Rule 3:18 of the Rules of Virginia Supreme Court. Pahlavi has moved for summary judgment on each of the six remaining counts in plaintiff Ansari's amended motion for judgment. The Court will rule on the counts in the order in which they are presented in the amended motion for judgment. The Court has not relied upon depositions in making its rulings.

*Count I: Breach of Contract*

Ansari claims that Pahlavi has breached two contracts, known as the Financial Consulting Agreement ("FCA") and the Real Estate Consulting Agreement ("RECA"). As a result of the breach, Ansari claims that Pahlavi owes him $5,500,000.00.

Pahlavi asserts that Ansari's claim for commissions is largely time-barred. The commissions are governed by

the five year statute of limitations applicable to written contracts. Va. Code § 8.01-246(2). The FCA was entered into on January 1, 1982, and the RECA was entered into on May 1, 1982. Each agreement entitled Ansari to quarterly commissions. Ansari contends that the parties then modified each agreement by postponing payment of Ansari's commissions in order to defer Ansari's tax liability and to enhance Pahlavi's financial status. The modifications provided that Ansari would be paid his commissions upon demand. Ansari demanded his commissions under both agreements on May 22, 1990, and filed this suit the next day. He therefore claims that this suit is timely filed.

Pahlavi asserts that all commissions which Ansari allegedly earned prior to May, 1985, are time-barred. Pahlavi relies on *Whitehurst v. Duffy*, 181 Va. 637 (1943). *Whitehurst* states that if a right of action depends upon a condition precedent, such as making a demand, the cause of action accrues and the statute of limitations begins to run when that demand is made. There is an exception to the rule which states:

> [If] the only act necessary to perfect the plaintiff's cause of action is one to be performed by the plaintiff, and he is under no restraint or disability in the performance of such act, he cannot indefinitely suspend the statute of limitations by delaying performance of that act.

*Whitehurst* at 643. Absent unusual circumstances, the plaintiff must act within a reasonable time. A reasonable time is a period equal to the statute of limitations. *Id.* Here, Ansari had up to five years from the end of each quarter to demand the commissions to which he claims entitlement.

Ansari argues that the FCA and RECA modifications justify his delay in making demand. Even if the Court assumes that there were subsequent modifications, such modifications did not put Ansari under any restraint or disability to make demand within a reasonable time. A reasonable time, under the circumstances alleged by Ansari would be co-extensive with the statute of limitations. Applying *Whitehurst* here, the Court finds that all commissions which allegedly accrued before May, 1985, are time-

barred. Summary judgment is granted as to the $1,169,471.00 in commissions which allegedly accrued through the quarter ending March, 1985. The $336,274.00 in commissions which have allegedly accrued since the quarter ending June, 1985, are within the statute of limitations.

Pahlavi prays for summary judgment as to the remaining $336,274.00 in commissions, due to Ansari's lack of documentary evidence. Under the FCA, Ansari was required to "keep or cause to be kept accurate records regarding such funds and investments and make the same available to Principal upon request." However, Ansari claims that Pahlavi instructed him to destroy all documentation of financial transactions. Because this creates a material question of fact, summary judgment is denied. *See, McNew v. Dunn*, 233 Va. 11 (1987).

Pahlavi asserts that the RECA commissions are barred because Ansari does not have a real estate license. Virginia law requires those acting as real estate brokers to hold a real estate license. *See* Va. Code § 54.1-2106. However, the statute does not apply to trustees. *See* Va. Code, Section 54.1-2103(A)(5). Pahlavi has repeatedly stated that Ansari was acting as Pahlavi's trustee. Summary judgment based upon Ansari's lack of a real estate license is denied.

*Count II: Misappropriation of Stock Shares/Detinue*

Ansari formed Medina Development Corporation, Inc. (MDC) in 1979, with himself as sole shareholder. (*See* Amended Motion for Judgment, paragraph 5 and Motion for Summary Judgment, page 8.) Ansari claims that the parties agreed that he would temporarily transfer his stock to Pahlavi's agent as collateral for a sale. The sale was completed in July, 1985 (*See* Amended Motion for Judgment, paragraph 16), but Pahlavi never returned the stock. Ansari claims that he remains MDC's sole shareholder and brings an action in detinue for Pahlavi's alleged misappropriation of the stock.

Pahlavi possesses the MDC stock certificates which are endorsed in blank with Ansari's alleged signature. Pahlavi also possesses a letter, allegedly written and signed by Ansari. The letter explains that Ansari delivered the endorsed stock certificates to Pahlavi's attorneys

and that Pahlavi would own the shares upon the attorneys' delivering the certificates to Pahlavi. However, Ansari denies endorsing the stock certificates and denies writing or signing the letter; this creates a material question of fact as to their validity. Summary judgment is denied because material facts are in dispute.

Pahlavi asserts that this claim is barred by the one-year statute of limitations, which applies to "personal actions, for which no limitation is otherwise prescribed." *See*, Va. Code § 8.01-248. The Court disagrees. Actions in detinue are governed by the five-year statute of limitations applicable to property damage. *See* Va. Code Section 8.01-243(B) and *Morris v. Lyon*, 84 Va. 331 (1888). The action accrued in 1989, when demand was made for the stock. *Gwin v. Graves*, 230 Va. 34 (1985). The lawsuit was filed in May, 1990, well within the five-year period. Summary judgment based upon the statute of limitations is denied.

## Count III: Declaratory Judgment

Ansari prays that the Court issue a declaratory judgment stating that he is the sole shareholder of MDC. Pahlavi argues that this claim is totally duplicative of Count II and that summary judgment should be granted for the reasons given in Count II. The Court believes that material questions of fact exist regarding ownership of MDC's stock. *See* paragraphs 1 and 2 under Count II of this opinion. Summary judgment is denied.

## Count IV: Fraud

Ansari alleges that he was fraudulently induced to transfer his MDC stock to Pahlavi's agent. More specifically, Ansari alleges that Pahlavi represented that he (Pahlavi) did not intend to assert an interest in the MDC stock and that the stock would be returned to Ansari when the sale was complete. Ansari further alleges that he has been damaged in the amount of $2,000,000.00, which is the value of MDC's assets minus its encumbrances. (*See* Ansari's answer No. 15 to Pahlavi's second set of interrogatories, which refers to Ansari's method of calculating the $2,000,000.00 damages in Count II/detinue. The Court

assumes that the damages for the fraud count are calculated on the same basis.)

Pahlavi responds that no misrepresentations were made and that Ansari cannot prove damages because all of MDC's assets were purchased with Pahlavi's money. Pahlavi prays for summary judgment because misrepresentation and damages are elements of fraud which Ansari must prove.

The Court believes that material questions of fact still exist on the issue of whether or not Pahlavi made any misrepresentation to Ansari regarding the interest he intended to assert in the MDC stock. Pahlavi's possesses stock certificates, allegedly endorsed by Ansari, and a latter, allegedly written and signed by Ansari, whose contents allow Pahlavi to hold the stock. However, Ansari denies endorsing the certificates and writing or signing the letter and insists that he gave the stock to Pahlavi with the mutual understanding that it would be returned.

Ansari sets out his damages theory in his Opposition to Motion for Summary Judgment, page 21. He claims that his ownership of the MDC stock would entitle him to hold MDC's property as collateral for commissions and that, therefore, he is damages by Pahlavi's holding of the stock. The Court finds no authority in Virginia which supports or refutes this theory. However, the Court finds case law in other states which entitles a trustee to a lien on the trust property for his compensation. *See, Bankers Trust Co. of Muskegon v. Forsyth*, 266 Mich. 517, 254 N.W. 190 (1934); *In re Mayhall's Trust Estate*, 151 S.W.2d 545 (Mo. App. 1941); *Simmons v. Friday*, 359 Mo. 812, 224 S.W.2d 90 (1949); *Neary v. City Bank Farmers Trust Co.*, 260 A.D. 791, 24 N.Y.S.2d 264 (1940); *Wasserman v. Locatelli*, 343 Mass. 82, 175 N.E.2d 914 (1961). Accordingly, Ansari may have a lien on MDC's assets, via the stock which he holds as Pahlavi's trustee, for his allegedly unpaid commissions. Therefore, Ansari may be damaged if he does not hold the stock. Due to the material questions of fact which exist, summary judgment is denied.

*Count V: Constructive Fraud*

This Count was dismissed when Pahlavi's demurrer was sustained.

*Count VI: Slander and Defamation*

Ansari alleges that Pahlavi made defamatory statements to six people, who are named in the motion for judgment. Pahlavi claims to have affidavits from four of those people, stating that they never heard Pahlavi make such a defamatory statement. There are two named people who did not execute affidavits. Ansari asserts that those who did execute affidavits did so out of loyalty to Pahlavi. Ansari also possesses an affidavit from Ali Haydar Shahbazi, stating that Mr. Shahbazi heard Pahlavi say, "Ansari stole my money and fled to Iran." There are material questions of fact under this count; therefore, the motion for summary judgment is denied.

*Count VII: Interference with Prospective Contractual Relationship or Business Expectancy*

*A. Mohammed Foundation*

The Mohammed Foundation is a corporation which markets translations of the Koran. Ansari refers to the Foundation as his "business entity" and alleges that Pahlavi has prevented Ansari from realizing his business expectancy for various reasons.

Pahlavi correctly points out that Ansari has no standing to sue. Any prospective contract or business expectancy would belong to the Mohammed Foundation and not to Ansari. Therefore, any cause of action lies with the Foundation. Corporations must sue and be sued in their own name. *Landmark Communications, Inc. v. Macione*, 230 Va. 137 (1985). The motion for summary judgment is granted.

*B. EuroAmerican Petroleum Corporation*

EuroAmerican Petroleum Corporation is a corporation in which Ansari alleges that he has an interest and business expectancy. Ansari alleges that an agreement was made among himself, Pahlavi and Kasraie, which required Pahlavi to sell his Virginia house and contribute $1,000,000.00 to EuroAmerican. (*See* paragraph 64 of Amended Motion for Judgment.) Ansari further alleges that Pahlavi has refused to comply with the agreement, and therefore, Pahlavi has

intentionally disrupted or prevented Ansari from realizing this business expectancy.

A person cannot intentionally interfere with his own contract. *Fox v. Deese*, 234 Va. 412 (1987). Pahlavi was a party to this contract, and therefore, cannot tortiously interfere with his own prospective business expectancy. The motion for summary judgment is granted.

### C. E. F. Hutton

Ansari filed a negligence action against E. F. Hutton in 1987. The action related to an account which Ansari had opened under the Financial Consulting Agreement. Ansari alleges that Pahlavi's refusal to cooperate and participate in the litigation caused him to lose commissions and thereby prevented him from realizing a business expectancy.

The Court sees no merit in this claim. Pahlavi had no duty to become involved in this litigation, so there was no duty for him to breach. Pahlavi could have been subpoenaed if his participation were necessary. Furthermore, there is no guarantee that the litigation would have had a different outcome had Pahlavi participated. The motion for summary judgment is granted.