# CIRCUIT COURT OF FAIRFAX COUNTY

Fairfax County
Board of Supervisors

    v.

Burke & Herbert
Bank & Trust Co.

March 25, 2009

Case No. CL-2008-9338

BY JUDGE R. TERRENCE NEY

This matter came before the Court on the parties' cross-motions for summary judgment. On January 30, 2009, Plaintiff Board of Supervisors of Fairfax County, Virginia ("County") filed a Motion for Summary Judgment. Defendant Burke & Herbert Bank & Trust Company ("Bank") subsequently filed a Motion for Summary Judgment on February 3, 2009. Both parties stipulated in writing that there are no material facts in dispute that would prevent disposition of this matter by summary judgment. The Court took the matter under advisement after a hearing on February 20, 2009.

*Facts*

The present motions stem from an irrevocable Letter of Credit issued by the Bank on December 19, 1989, to guarantee that landowners William R. and Patricia E. King ("Developers") complete certain public site work as part of the development of their lot.

The Developers and the County entered into an agreement that the Developers would complete all work related to their site by December 19, 1990. The Bank issued the Letter of Credit in the amount of $10,000, made available to the County by sight draft.

The Letter of Credit provides that the County may request payment on it upon certification by the County that Developers did not complete the project. The Letter of Credit also provides for its automatic extension of six month periods unless the Bank notifies the County that it will not renew. Neither the Bank, nor the County, could find any record of notice that the Bank would not renew.

Developers were granted an extension to complete the project, which expired on June 19, 1991. This extension did not affect the Letter of Credit. Developers did not complete the work within the agreed time period.

On February 8, 2008, the County notified the Bank that Developers were in default and demanded payment under the Letter of Credit. The Bank refused to pay the County, alleging that the statute of limitations prevented collection. The County filed suit to enforce the Letter of Credit on July 18, 2008. Both parties subsequently filed motions for summary judgment.

*Analysis*

Under Rule 3:20 of the Rules of the Supreme Court of Virginia, summary judgment shall not be entered if any material fact is genuinely in dispute. Va. Sup. Ct. R. 3:20. Because the parties stipulated that there are no facts in dispute, the case may be resolved on the cross-motions for summary judgment.

In Virginia, the running of the statute of limitations cannot be unreasonably delayed by a party who has the sole right to trigger when the statute of limitations will run. *Whitehurst v. Duffy*, 181 Va. 637, 643, 26 S.E.2d 101, 103 (1943). Here, the County has the sole right under the Letter of Credit to notify the Bank of Developers' default. The question presented is whether it is reasonable for the County to issue its demand seventeen years after the initial default by Developers.

The Supreme Court of Virginia has held that "the time when the demand must be made depends upon the construction to be put upon the contract in each case. If the contract requires a demand without language referring to the time when the demand is to be made, it is as if the words 'within a reasonable time' were found in it." *Page v. Shenandoah Life Ins. Co.*, 185 Va. 919, 925, 40 S.E.2d 922, 925 (1947).

Here, the Court finds that demand issued seventeen years later is clearly unreasonable, particularly considering that the statute of limitations for actions on written contracts in Virginia is five years. Va. Code § 8.01-246.

The County argues that this approach ignores the independent nature of a letter of credit. Although a letter of credit is an unusual type of contract, it is still a contract under Virginia law, *Consolidated Sales Co. v. Bank of*

*Hampton Roads*, 193 Va. 307, 317, 68 S.E.2d 652, 658 (1952), and must be governed by contractual principles. Contractual principles dictate that the demand to trigger the running of the statute of limitations must be made within a reasonable time. To hold otherwise would give the County literally forever to file suit. Given the Virginia General Assembly's enactment of many statutes of limitations which bar untimely litigation, it is contrary to the policy of the Commonwealth to allow the County to file a lawsuit seventeen years after the obligation was created.

The Motion for Summary Judgment will be granted in favor of Defendant Burke & Herbert Bank & Trust, and this case is dismissed.