# H. Louis Salomonsky

## v.

## John F. Kelly, Executor of the Estate of J. Monte Williamson*

### Record No. 831792

## Tiffany H. Armstrong

## v.

## John F. Kelly, Executor of the Estate of J. Monte Williamson

Record No. 831793

October 10, 1986

Present: Carrico, C.J., Cochran, Poff, Stephenson, Russell, Thomas, JJ., and Gordon, Retired Justice.

---

* J. Monte Williamson, the original appellee in Record Nos. 831792 and 831793, died during the pendency of these appeals. By order dated September 24, 1986, John F. Kelly, Williamson's executor, was substituted as appellee in both appeals.

*James R. Sheeran* for appellant.
*Michael J. Kelly (William I. Bandas,* on brief), for appellee.

THOMAS, J., delivered the opinion of the Court.

The central issue in these appeals is whether two separate actions based on virtually identical notes were barred by the applicable statute of limitations. In order to resolve this issue, we must first determine whether the notes are negotiable instruments as defined in the Uniform Commercial Code (UCC) and, if so, whether the notes are payable at a definite time or on demand.

In March 1976, J. Monte Williamson, the owner of a 16.65% interest in Lake Manor Associates, a partnership, agreed to sell his partnership interest, 50% to H. Louis Salomonsky and 50% to Tiffany H. Armstrong. In return, Salomonsky and Armstrong each agreed to give Williamson 400 shares of a certain stock valued at $15.00 a share with a total worth of $6,000 and a non-interest bearing note in the amount of $4,000 for the balance. The notes were executed on March 15, 1976. On that same date, the parties executed an agreement which was incorporated in the notes by reference and which itself referred to the notes.

The agreement set forth various conditions which had to be satisfied before the debt evidenced by the notes became due and payable. The evidence established that these conditions were met in October 1981.

In early 1982, Williamson made an oral demand for payment upon Salomonsky. Later, by letter dated May 18, 1982, Williamson demanded payment from both Salomonsky and Armstrong. On June 7, 1982, when no payments were forthcoming, Williamson filed two separate suits on the separate notes and related agreement.

In the trial court, Salomonsky and Armstrong defended on the grounds that the March 15, 1976 notes were negotiable instruments under the UCC; that the notes were demand instruments; that a five-year statute of limitations applied to the notes; that the statute of limitations began to run on March 15, 1976; and that

the suits, filed on June 7, 1982, were untimely. The trial court rejected these arguments. The trial court concluded that the notes were not demand notes. According to the court, the notes contained a contingency. The court was of the view that the statute of limitations did not begin to run until the contingency was met. Consequently, the trial court held that the suits were not time-barred. We agree, but for a slightly different reason than that enunciated by the trial court.

The Armstrong note and the Salomonsky note both contained the following language:

> FOR VALUE RECEIVED, the undersigned promises to pay to the order of J. MONTE WILLIAMSON, . . . the principal sum of Four Thousand Dollars ($4,000.00), *payable as set forth in that certain agreement dated March 15, 1976*, an executed copy of which is attached hereto and made a part hereof by this reference.

(Emphasis added.) This reference to another document for the payment terms of the notes makes the notes nonnegotiable.

■ Four factors must be complied with before a note becomes a negotiable instrument. The factors are set forth as follows in Code § 8.3-104:

(1) Any writing to be a negotiable instrument within his title must

    (a) be signed by the maker or drawer; and
    (b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this title; and
    (c) be payable on demand or at a definite time; and
    (d) be payable to order or to bearer.

The trial court rested its decision upon subsection (c). In our view, however, the more fundamental problem with these notes is that they violate subsection (b). That this is so is clear from Code § 8.3-105(2) which provides that "[a] promise or order is not unconditional if the instrument (a) states that it is subject to or governed by any other agreement . . . ." Also pertinent is comment 8 to the foregoing code provision which reads as follows:

> The distinction is between a mere recital of the existence of the separate agreement or a reference to it for information, which under paragraph (c) of subsection (1) will not affect negotiability, and *any language which, fairly construed, requires the holder to look to the other agreement for the terms of payment*. The intent of the provision is that *an instrument is not negotiable unless the holder can ascertain all of its essential terms from its face.*

(Emphasis added.) Here, all of the essential terms did not appear on the face of the notes.

Because the reference in the notes to the March 15, 1976 agreement for the payment terms renders these notes nonnegotiable, there is no reason to make an analysis of the payment terms in the agreement. In short, if the note is not negotiable on its face, we will not go beyond it to find another reason to declare it nonnegotiable.

The fact that these notes are not negotiable instruments means they are simply contracts to pay money subject to certain conditions. As a result, the cause of action on the notes does not accrue and the statute does not begin to run until the conditions are fulfilled. *See Whitehurst* v. *Duffy*, 181 Va. 637, 26 S.E.2d 101 (1943). In *Whitehurst*, we wrote as follows:

> Where some condition precedent to the right of action exists, whether it is a demand and refusal or some other act or contingency, the cause of action does not accrue, and action thereon cannot properly be commenced; nor does the statute of limitations begin to run until that condition is performed. Thus, *if the obligation to pay a debt or the time of payment is contingent on the performance of some act, the happening of some event, or the lapse of a specified period of time, the debtor is not in default, nor is the creditor entitled to call for performance until the condition is fulfilled, and the statute cannot begin to run until that time.*

*Id.* at 643, 26 S.E.2d at 103 (emphasis added) (quoting 34 Am. Jur. *Limitation of Actions* § 116 (1941)).

The contingency or condition precedent in the instant notes read as follows: "said notes being due and payable once the Met note and the Partnership's debts . . . have been." The evidence establishes that this condition was met in October 1981. Suit was

filed in June 1982, well within five years of October 1981. *See* Code § 8.01-246.

For the foregoing reasons, we will affirm the judgment of the trial court.

*Affirmed.*

CARRICO, C.J., and GORDON, R.J., concurring in result.