## CIRCUIT COURT OF THE CITY OF RICHMOND

Sovran Bank, N.A.

v.

Wayne D. Franklin

October 18, 1990

Case No. LS 1215-2

By JUDGE ROBERT L. HARRIS, SR.

This case comes before the court on defendant's Plea of Statute of Limitations. Defendant claims that the action is barred by the five-year statute of limitations, Va. Code § 8.01-246(2). He alleges that the note is a negotiable demand note and that the statute of limitations began to run on the date the note was executed, March 14, 1985. The Motion for Judgment was filed April 11, 1990.

Plaintiff argues that the note is non-negotiable and must be analyzed by traditional contract principles, rather than pursuant to the Commercial Paper provisions of the Commercial Code, Va. Code §§ 8.3-101 to 8.3-805. In the alternative, plaintiff claims that the note is a negotiable instrument payable at a definite time, Va. Code § 8.3-109. Under either analysis, the statute of limitations purportedly began to run upon breach of the agreement, March 20, 1986. It is the opinion of the Court that the action was timely filed, and therefore, the defendant's plea of the statute of limitations is dismissed for the reasons stated as follows.

On March 11, 1985, plaintiff forwarded to Orlando West Investors a letter confirming commitment to lend

up to $812,000. Interest, collateral, and repayment terms were outlined. On March 14, 1985, Lamar M. Jolly, managing general partner of Orlando West Investors, delivered a letter to plaintiff revising the repayment terms. Plaintiff accepted the revisions and the note was executed. Defendant in this action was a general partner of Orlando West Investors. Thus, it was claimed that he was liable for the $558,250 loaned pursuant to the note and commitment.

In preparing the note, plaintiff used its standard grid note form. On this form, plaintiff filled in specific terms for this particular note. The note designated that the principal was payable on demand with interest payable in quarterly installments. The note stated "[i]f this Note is issued pursuant to a commitment letter, it shall be entitled to its benefits and subject to its terms and conditions, including any amendments thereto and any renewals or substitutions thereof." (Note, page 1.) Payment terms stated in the note and the commitment letter conflict.

An initial question that must be resolved is whether this note is a negotiable instrument as defined by the Commercial Code. The issue of negotiability must be resolved to determine the body of law which must govern the accrual of the cause of action.

A note must "contain an unconditional promise to pay a sum certain in money . . ." to be considered a negotiable instrument, Va. Code § 8.3-104(1)(b). The Commercial Code further provides that "[a] promise or order is not unconditional if the instrument states that it is subject to or governed by any other agreement." Va. Code § 8.3-105(2)(a).

Language stating that the note is governed by another agreement renders the note non-negotiable. *Id.* However, if the note merely states that it arises out of a separate agreement, it is a negotiable instrument. Va. Code Section 8.3-105(1)(c). These two closely-related factual situations must be analyzed with reference to the Code's intent: to insure that the holder can reasonably ascertain all essential terms of the note from its face. Va. Code § 8.3-105, Official Comment 8.

> The distinction is between a mere recital of
> the existence of the separate agreement or a
> reference to it for information, which under

paragraph (c) of subsection (1) will not affect negotiability, and any language which, fairly construed, requires the holder to look to the other agreement for the terms of payment. *Id.*

The language of the note in question does not merely state that a commitment letter may exist but clearly goes beyond that to make the grid note subject to the terms of the commitment letter. This language evidences a conditional promise to pay, rendering the note non-negotiable.

Defendant's Plea of Statute of Limitations is based on Va. Code § 8.3-122. This statute mandates that an action accrues at the date of issue if the note is a demand instrument. The Code defines "instrument" as a negotiable instrument. Va. Code § 8.3-102(1)(e). As previously analyzed, the note in question is not a negotiable instrument as defined by Va. Code § 8.3-104(b), and thus the accrual of the cause of action is not governed by Va. Code Section 8.3-122.

This result is further compelled by *Salomonsky v. Kelly*, 232 Va. 261, 349 S.E.2d 358 (1986). The notes in that case referenced another agreement for the payment terms. The court declared that the Va. Code § 8.3-104 requirement of an unconditional promise was not met, rendering the notes non-negotiable.

The fact that these notes are not negotiable instruments means they are simply contracts to pay money subject to certain conditions. As a result, the cause of action on the notes does not accrue and the statute does not begin to run until the conditions are fulfilled. *Id.* at 360.

The cause of action in the case before us arose on the date the first principal payment was due and unpaid. Under the terms of the revised commitment letter, this occurred on March 20, 1986. This action was filed on April 11, 1990, well within the applicable five-year statute of limitations. Va. Code § 8.01-246(2).

Defendant has objected to plaintiff raising the issue of negotiability as a defense to the Plea of Statute of Limitations. It is claimed that plaintiff first raised

this issue by argument and supplemental brief, and that this position is inconsistent with the initial theory contained in its first brief. The essential elements of the negotiability argument are present on page 7 of plaintiff's Brief in Opposition to defendant's Plea of Statute of Limitations. The first brief cited *Salomonsky v. Kelly*, 349 S.E.2d at 358, and argued that a breach of contract analysis must be applied. Plaintiff's supplemental memorandum developed this argument.

At the hearing on the Plea of Statute of Limitations, plaintiff requested and was granted leave to respond to defendant's Reply Brief. Even if plaintiff went beyond the scope of either his initial brief or responding to defendant's reply brief, defendant has not been prejudiced. Defendant was given leave to respond to plaintiff's supplemental memorandum and took full advantage of this opportunity by submitting a fifteen-page Brief in Reply to plaintiff's Supplemental Memorandum.

It should further be noted that all parties have a duty to bring to the court's attention any facts or law that may be relevant to the disposition of a matter before the court. Both parties in the case at hand have conscientiously performed this duty. Regretfully, it is not an infrequent occurrence that litigants neglect to submit authorities necessary for the court to dispose of issues. Plaintiff will not be chastised for submitting relevant authority, even if defendant is correct that it was not in his initial brief. It would well serve justice if all litigants were as diligent in apprising the court of relevant law as these parties have been.