# CIRCUIT COURT OF FAIRFAX COUNTY

Nada Mansouri Derakhshan

v.

Forouz Derakhshan

June 16, 1997

Case No. (Chancery) 142811

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before me on the Bill of Complaint filed on behalf of Nada Mansouri Derakhshan ("Mrs. Derakhshan") and the Cross-Bill of Forouz Derakhshan ("Mr. Derakhshan") on the parties' request for equitable distribution of their property and for determination of custody, spousal support, and child support and for determination of the parties' rights and obligations under a "marriage contract."

The parties were lawfully married on December 6, 1991. (The date of the marriage reflects a civil ceremony. Thereafter the parties also participated in an Islamic wedding ceremony.) One child was born of the marriage, a son, Pedram Derakhshan (born May 2, 1993). By stipulation of the parties, Mrs. Derakhshan is to have sole legal and physical custody of the child, with Mr. Derakhshan to have reasonable visitation.

In connection with and prior to their marriage, the parties agreed to a "marriage portion." The testimony at trial established that a "marriage portion" is part of a marriage contract common in Iran and common among Iranians living in the United States. It is considered and treated, not only as a marriage tradition, but as a binding contract with all rights and obligations of contract law. In the instant case the parties agreed that the marriage portion would be "one holy Qur'an, a piece of flower, plus twenty million Rials (Iranian currency), with no further conditions." Expert testimony at trial established

that a marriage portion of twenty million Rials is not unusual, with portions sometimes greater or less in amount. I find based on the evidence that, under Iranian law and in accordance with the intentions of the parties, the marriage portion was due and payable by Mr. Derakhshan to Mrs. Derakhshan upon consummation of the marriage. The marriage portion is Mrs. Derakhshan's separate exclusive property.

In Virginia, a contract whose consideration lies in illicit sexual relations is considered immoral and void. *Burke v. Shaver*, 95 Va. 345 (1895) ("A promise of marriage on consideration of sexual intercourse ... is void."). Relying on *Burke*, Mr. Derakhshan argues that the marriage contract is unenforceable against him because partial payment of the twenty million Rials is based on his wife's promise to engage in sexual relations with him. But Mrs. Derakhshan's promise does not fall within Virginia's immoral contracts exception because sexual intercourse between a married couple is not illicit or morally reprehensible. In fact, sexual intercourse is a necessary act to consummate any marriage. The parties' marriage contract is not based on future illicit sexual relations because a promise to marry is automatically coupled with an intention to perform sexual relations. Without such an intent, the marriage would be a nullity. Further, I find that Mr. Derakhshan's promise to pay was based on Mrs. Derakhshan's promise to marry him. Consummation of the marriage was merely the event that determined the timing of payment of the full marriage portion.

Had the promise to pay been based solely on Mrs. Derakhshan's agreement to consummate the marriage, the contract would fail for lack of consideration. This is so because marriage, by law, carries with it an obligation to consummate the marriage. Performance of a pre-existing obligation cannot constitute consideration for a separate contract.

It should be noted that no claim of "marriage portion" is found in the Bill of Complaint. In a motion filed before the hearing, Mrs. Derakhshan lists it as an issue to be adjudicated at trial. No objection was made by Mr. Derakhshan before or at trial to having the claim heard.

Whether Mrs. Derakhshan's claim is barred by the statute of limitations was raised by Mr. Derakhshan at trial. The statute of limitations is an affirmative defense. It must be alleged in writing to be relied upon. But because the marriage portion claim was first raised just prior to the hearing, I have *sua sponte* considered whether it is barred by the statute of limitations. In a claim for breach of a written contract, "if the obligation to pay a debt or the time of payment is contingent on the performance of some act, the happening of some event, or the lapse of a specified period of time, the debtor is not in default, nor is the creditor entitled to call for performance until the condition is fulfilled,

and the statute cannot begin to run until that time." *Salomonsky v. Kelly*, 232 Va. 261, 264 (1986), citing *Whitehurst v. Duffy*, 181 Va. 637, 643 (1943). In the instant case, Mrs. Derakhshan's entitlement to twenty million Rials did not arise until the marriage was consummated. Apart from the evidence that the parties' child was born on May 2, 1993, there was no evidence of consummation of the marriage. Assuming consummation of the marriage on or about August 2, 1992 (nine months before the child was born), the claim is not barred by the statute of limitations. There being no other evidence relating to when the marriage may have first been consummated, the claim is not barred by the statute of limitations.

No expert testimony was presented at trial to enable me to determine the dollar value of twenty million Rials. I exercise my discretion to place this matter on my docket for presentation of such evidence.

## *Equitable Distribution of Marital Assets*

One or both of the parties requests that I classify and distribute the following property: (1) the marital home, (2) furniture, (3) a NationsBank account that on an occasion during the marriage had a $22,000 balance, (4) jewelry, (5) Persian rug, (6) antique shawl, and (7) automobiles.

The marital home is a townhouse purchased in March 1990 prior to the marriage by Mr. Derakhshan for between $120,000 and $130,000. The only evidence of its value at trial was presented by Mr. Derakhshan as $105,000. The initial mortgage on the house was just under $100,000. The house is presently mortgaged equal to or in excess of its value. I find that the marital home is the separate property of Mr. Derakhshan.

Both Mr. and Mrs. Derakhshan testified that the furniture was purchased by Mr. Derakhshan in 1990 (prior to the marriage) and in his sole name. I find that it is the separate property of Mr. Derakhshan, with a value of $5,000.

I find that the NationsBank account belongs to neither of the parties. The account was opened with funds belonging solely to Mrs. Derakhshan's mother, who came to this country for an extended visit. She used much of the funds for living expenses while here, and withdrew all but $100 of the balance of the funds when she left the country. That final balance has since been withdrawn. The funds in the NationsBank account are the sole property of Mrs. Derakhshan's mother.

I find that the antique shawl and the jewelry are Mrs. Derakhshan's separate property. I value the shawl at $1,000 and the jewelry at $1,100. The Persian rug is marital property and is valued at $5,000. Regretfully, the whereabouts of the jewelry, antique shawl, and Persian rug are unknown. Mrs. Derakhshan

testified that they were in the house when Mr. Derakhshan had control over it and seeks to hold him responsible for their loss. The evidence presented to me was insufficient to prove that Mr. Derakhshan stole or was responsible for the loss of the property.

The parties have a 1995 Ford Crown Victoria with a value of $13,600. It is half marital and half separate property. Mr. Derakhshan bought the vehicle for $16,000 in January 1995, using his 1990 Isuzu (acquired before the marriage) as a trade-in and paying the balance in cash (by taking out a second deed of trust on the martial home). I find that one half of the 1995 Crown Victoria, or $6,800, is marital property, and the remaining half is Mr. Derakhshan's separate property. I find that the parties also have a 1988 Crown Victoria which is marital property and whose value is $250.

## Spousal Support and Child Support

I determine that Mr. Derakhshan has an annual income of $32,000, and Mrs. Derakhshan has an annual income of $7,800. Mrs. Derakhshan also has child care expenses of $300 per month. The above incomes of the parties do not yet take spousal support into account. I cannot determine child support until I determine spousal support, and I cannot determine spousal support until I know the value of the twenty million Rials that Mr. Derakhshan is obligated to pay Mrs. Derakhshan. Once such determination of value is made, I will also divide the parties' property.

In accordance with the report of the commissioner in chancery, I award Mr. Derakhshan a final decree of divorce *a vinculo matrimonii* from Mrs. Derakhshan on the grounds that the parties have lived separate and apart, without any cohabitation and without interruption, for a period in excess of one year. I award Mrs. Derakhshan sole legal and physical custody of the parties' child. I order that Mr. Derakhshan shall have reasonable visitation with the child, but I direct that neither parent may take the child out of this country without leave of court.

Upon determination of the value of the "marriage portion," Mr. Ghobadi shall prepare an order reflecting these rulings and provide it to Mr. Rejali for review and endorsement.