# CIRCUIT COURT OF THE CITY OF RICHMOND

Adam Schrager
and Revolution
Development Group, L.L.C.

v.

John Isquith

## Case No. CH05-272

BY JUDGE MELVIN R. HUGHES, JR.

### May 3, 2005

Defendant's Demurrer and Motion to Dismiss were taken under advisement following the hearing on Plaintiffs' Motion for a Temporary Injunction. The Demurrer and Motion to Dismiss raise the issues of whether the individual plaintiff, Adam Schrager, can sue individually and derivatively on claims concerning the corporate management and finances of the co-plaintiff limited liability company against the Defendant, the only other member of the company.

The Bill of Complaint asserts claims under Va. Code § 13.1-1042, the statute that permits a member of a limited liability company to bring an action asserting a right of the company, similar to the statute which permits a shareholder of a corporation to bring a derivative suit on behalf of a corporation. See Va. Code § 13.1-672.1. Here, Plaintiff, Schrager, one of two members of the co-plaintiff limited liability company and the company itself are Plaintiffs asserting the derivative claims of common law and civil conspiracy, breach of fiduciary duties, breach of contract, dissolution and expulsion of Defendant from the company, unjust enrichment/constructive trust, tortious interference with contract and expectancy, and fraud against the only other member of the company.

32

The right of a shareholder to sue derivatively is an exception to the right and power of a corporation to sue on its own behalf for those claims to which it is entitled as a legal entity. In such instances, the shareholder can maintain the action in his name for the benefit of himself and the other stockholders only after he has sought the corporation to do so and its directors or managers have refused to act. 4B M.J., *Corporations*, § 119. Here, by the pleadings, the company consists of two members, plaintiff Schrager and Defendant, Isquith. Plaintiffs allege that any attempt to ask Defendant to bring the action would be futile and not likely to succeed. However, due to the makeup of the company's membership, such an allegation cannot be well founded, as the two members cannot together refuse to act upon a request that the claims be asserted. Thus, the requirement that such a request must have been vainly sought cannot be satisfied. There is no other right alleged that inheres in the individual plaintiff, Schrager, to maintain any action by or for the company against the Defendant individually. Accordingly, the Demurrer and Motion to Dismiss are sustained.

Mr. Hunton can prepare and submit an order with exceptions noted. The order shall grant the right to Plaintiffs to amend the Bill of Complaint within fifteen days of April 29, 2005, with a provision that Defendant may file any responsive pleadings within ten days of receipt of any amended pleading.

## August 19, 2005

Following the court's earlier ruling by letter dated May 3, 2005, sustaining defendant's Demurrer and Motion to Dismiss, Plaintiff filed an Amended Bill of Complaint. Defendant has filed a Motion to Dismiss and Demurrer to Amended Bill of Complaint. As before, the Amended Bill of Complaint alleges common law and civil conspiracy, breach of contract, dissolution and expulsion of Defendant from the subject corporation, unjust enrichment/constructive trust, tortious interference with contract and business expectancy, and fraud. The claims are made both by Plaintiff, a manager of the co-plaintiff corporation, and the corporation. Defendant, it is alleged, is also a manager of the corporation. The two constitute the only controlling principals of the plaintiff corporation.

In the Motion to Dismiss and Demurrer to Amended Bill of Complaint, Defendant asserts that Count I, relating to Plaintiff Schrager's own personal claims, fail for lack of an independent basis to prosecute any and all claims on his own behalf. As to Counts II and III, Defendant questions the sufficiency of the statutory conspiracy claims and Plaintiff's request for the imposition of a constructive trust. On the occasion of this encounter with this case, the court

has reconsidered the earlier decision sustaining the Demurrer and Motion to Dismiss and decides to reverse and vacate the letter opinion and order confirming that decision.

Plaintiff's First Bill of Complaint sought to advance a corporate derivative action on behalf of the co-plaintiff corporation. As noted, Plaintiff Schrager and Defendant are the only principals and decision makers of the co-plaintiff corporation. The court sustained the first demurrer on the ground that, due to the makeup of management of the corporation consisting of only plaintiff Schrager and Defendant, plaintiff did not and could not allege that he sought and the corporation refused to bring an action for the corporation. This assessment, although consistent with the requirement for bringing a corporate derivative claim does not take into account the alternative argument of futility. As stated earlier, the right of a shareholder to sue derivatively is an exception to the right and power of a corporation to sue on its own behalf for those claims to which it is entitled as a legal entity. In such instances, the shareholder can maintain the action in his name for the benefit of himself and the other shareholders only after he has sought the corporation to do so and its directors have refused to act. Va. Code § 13.1-672.1 (2005).

The Virginia Supreme Court has held that the demand requirement for a derivative action would be futile when the person making the decision whether to initiate the claim has a personal interest in it. *Liggett v. Roanoke Water Co.*, 126 Va. 22, 101 S.E. 55 (1919). The principle clearly applies here, when the person who would have to make the decision, here the Defendant, is alleged to have improperly utilized and wasted corporate assets to the detriment of the corporation and the intended action is for the recovery of those assets from him. In such circumstances, the demand and refusal requirement is excused.

Accordingly, on reconsideration, the first Bill of Complaint does lodge viable derivative corporation claims because Plaintiff Schrager alleges futility and facts in support thereof. The order sustaining the Demurrer will be vacated and the Demurrer and Motion to Dismiss overruled. Any claims that Plaintiff Schrager seeks recovery for personally cannot be pursued because any and all claims asserted are not his but the corporation's. In all other respects, the claims as stated, present legally cognizable causes of action. Thus, the first Bill of Complaint is reinstated. Defendant shall have fifteen days from the entry of the order confirming this decision to file any responsive pleading.