# CIRCUIT COURT OF HANOVER COUNTY

Gibson M. Wright

v.

Gale A. Dee,
Christopher Jones,
BMC-NL, L.L.C.,
and Northlake Park, L.L.C.

October 7, 2013

Case No. CL13001700-00

BY JUDGE PATRICIA KELLY

Before the court is Defendant's first Plea in Bar and Demurrers. The court heard argument on October 1, 2013, and took the matter under advisement. Following a thorough review of the pleadings and the law, the court finds as follows.

## I. *Background*

Plaintiff filed suit, individually and derivatively as a Member of Northlake Park, L.L.C. ("NLP"), against Gale A. Dee (Dee), Christopher Jones, BMC-NL, L.L.C. ("BMC"), and Northlake Park, L.L.C. ("NLP"), alleging Breach of Fiduciary Duty by Dee, Tortious Interference with Contract and Business Expectancy by Dee, Tortious Interference with Contract and Business Expectancy against Jones and BMC, and civil conspiracy by Dee, Jones, and BMC. Defendants Dee, Jones, and BMC filed Pleas in Bar and Demurrers to all counts. This opinion addresses the First Plea in Bar and all Demurrers under Case No. CL13-1700.

NLP is a Virginia Limited Liability Corporation formed by the execution of an Operating Agreement ("the Agreement") between Plaintiff Wright, Edwin C. Dee, and John W. Gibbs. After forming NLP, Edwin C. Dee died

and his wife, Defendant Dee was named as a member of the L.L.C. in his place. As of the time of this action, Plaintiff and Dee are both managers of NLP.

Defendant Dee and Defendant Jones are cousins. Defendant BMC is a Virginia Limited Liability Corporation managed by BMC Assets, L.L.C., a Delaware Limited Liability Corporation. Defendant Jones is on the board of Congressional Bank and a manager of BMC.

NLP owned commercial real estate ("the property") in Hanover County, Virginia, that consisted of two buildings leased as office space and warehouse space. The complaint arises out of the foreclosure of that commercial property. The property was originally financed by a loan secured by a Deed of Trust with BB&T. On January 17, 2013, BB&T sent a letter to NLP indicating they were late on their payment on the Note in the amount of $28,512.85. On January 22, 2013, BB&T issued a Notice of Default and a Notice of Intent to Accelerate demanding that the entire balance of the Note, $4,927,254.86, be paid in full.

The Complaint alleges that, after receiving the Notice, Defendant Dee contacted Defendant Jones about the property. Dee informed Plaintiff that Jones was interested in purchasing the property and that Jones was coming to view the property in early February. Dee then requested information about the property from various sources including current lease agreements and layouts of the property, which she passed on to Jones. Dee met with Jones at the property in February. Dee contacted several individuals and indicated that Jones was a potential "investor" in the property.

After receiving the Notice of Intent to Accelerate, Plaintiff contacted BB&T and made an appointment to discuss payment options on the Note. Plaintiff advised Dee that the appointment had been made with BB&T for January 29, 2013, to discuss their options. After that meeting, Plaintiff contacted Jason L. Hertherington of Colliers International to discuss efforts to sell or lease the property. Dee later contacted Hertherington in March of 2013 and informed him that she was the majority partner in NLP and Plaintiff had been acting outside his scope of authority when he entered the brokerage agreement to list the property for sale. The Complaint alleges that Dee contacted Hertherington in response to a purchase offer and indicated that neither she nor the "new investors" were interested in a sale price on the Property of less than $6,100,000.00.

BB&T transferred and sold the note secured by the Deed of Trust to Congressional Bank. Congressional Bank transferred and sold the note to Defendant BMC. In early April, Jones, acting on behalf of BMC, wrote to Plaintiff advising him that NLP owed BMC the full balance on the Note, $4,927,254.86, plus interest and late fees. After not receiving payment, BMC appointed Substitute Trustees, Christopher Glaser and James Markels, both associates of Jackson and Campbell, P.C. In late April 2013, David A. Rahnis of Jackson & Campbell, P.C., sent to Plaintiff the Notice

of Trustee's Sale of the Property. The property was sold at foreclosure in May of 2013.

## II. *Rule of Law*

"A plea in bar [ . . . ] reduces the litigation at hand to a single issue that, if proven, creates a bar to the plaintiffs right of recovery." *Williams v. Stevens*, 86 Va. Cir. 385 (City of Norfolk 2013). There are two requirements to commence a derivative proceeding against a limited liability company. Va. Code Ann. § 13.1-1042(B) (2013). First, a written demand must be made on the limited liability company to take suitable action. Va. Code Ann. § 13.1-1042(B)(1) (2013). Second, the complainant must wait ninety days from the date of demand unless the demand has been rejected or irreparable injury would occur in the meantime. Va. Code Ann. § 13.1-1042(B)(2) (2013).

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Va. Code Ann. § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox v. Custis*, 236 Va. 69, 372 S.E.2d 373, (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993).

## III. *Analysis*

### A. *Defendant's First Plea in Bar*

Plaintiff never submitted a demand letter to NLP. Instead, Plaintiff submitted a letter notifying NLP of his intent to file suit pursuant to Va. Code § 13.1-1042(B)(1)-(2). In this letter he makes no demand upon NLP to take any action to inhibit injury to itself. The letter merely contains allegations of wrongdoing, not a demand for suitable action. There is in fact no demand of any particular action to redress the alleged wrong in Plaintiff's letter. Furthermore, the letter makes no attempt to state what injury he believes NLP will suffer if action is not taken. It is clear from the pleadings that Plaintiff became privy to the issue of default as early as January 2013. He did not demand anything from NLP in response to the actual issue of default and the Notice of Intent to Accelerate.

In response to Defendant's Plea in Bar, Plaintiff argues that he did not have to wait ninety day to file because NLP would suffer irreparable injury if he was required to wait. The foreclosure had not yet occurred at the time of his notice of suit. In his prayer for relief, Plaintiff is seeking an injunctive

to prevent the foreclosure, but did not seek a hearing on the issue prior to the foreclosure.

Plaintiff further argues it would have been futile to make a demand on NLP because only he and Dee were active managers in NLP. In support of this position, Plaintiff relies on *Adam Schrager & Revolution Develop. Group, L.L.C. v. Isquith*, 69 Va. Cir. 31 (City of Richmond 2005). That case relied on *Liggett v. Roanoke Water Co.*, 126 Va. 22 (1919). *Liggett* was decided prior to the legislative enactment of Va. Code Ann. § 13.1-1042(B) (2013). The statute clearly allows a suit prior to the ninety days in the event of an allegation of irreparable injury. The same is not true on the issue of futility. Had the legislature intended to provide futility as a reason to forego the ninety day waiting period, they clearly could have done so as they did with the issue of irreparable injury.

Plaintiff failed to comply with Va. Code Ann. § 13.1-1042(B) (2013); therefore, the Court sustains the Plea in Bar as to the derivative action filed by Plaintiff. Having granted the Plea in Bar, the only causes of action remaining are those filed by Wright as an individual.

## B. *Defendant's Demurrers*

### 1. *Count I: Breach of Fiduciary Duty against Dee*

The Supreme Court of Virginia addressed the issue of duty between members of an LLC in *Remora Investments, L.L.C. v. Orr*, 277 Va. 316 (2009). In interpreting Va. Code § 13.4-1024.1(a), the court held that a member of an L.L.C. does not owe a duty to another member of the L.L.C., but to the L.L.C. as a whole. Therefore, Dee does not owe a duty to Wright, as an individual. The Demurrer to Count I is sustained with prejudice.

### 2. *Count II: Tortious Interference with Contract and Business Expectancy against Defendant Dee*

In the instant case Plaintiff refers to three contracts in the complaint: the operating agreement of NLP, a lease agreement between NLP and JETCO for space at the property, and a listing agreement between NLP and Colliers International to sell the property. These are the only contracts expressly plead in the Complaint. Plaintiff, as an individual, is not a party to either the lease agreement or the listing agreement and cannot maintain a cause of action for interference in those contracts.

Plaintiff is a party to the operating agreement. Dee is also a party to the operating agreement. The allegation is tortious interference with contract, not breach of contract. Dee cannot interfere with a contract to which she is a party. *Ansari v. Pahlavi*, 23 Va. Cir. 402, 408 (1991) (*citing Fox v. Deese*, 234 Va. 412, 362 S.E.2d 699 (1987)).

Under Count II, that leaves only the issue of Tortious Interference with Business Expectancy. Virginia recognizes a cause of action for Tortious

Interference with Contract and Tortious Interference with Business Expectancy. While the two distinct torts share common elements, they also each require proof of distinct facts. Interference with Contract is applied to contracts that are not terminable at will. Interference with Business Expectancy is applied to contracts that are terminable at will, to prospective business relationships, or to some type of prospective economic advantage. This cause of action protects relationships or economic advantages that *may* occur in the future. *See generally Lewis-Gale Medical Center, L.L.C. v. Alldredge*, 282 Va. 141, 710 S.E.2d 716 (2011). While the two torts share common elements, the distinction is important, one protects a relationship that has been solidified and one protects against undue influence in a relationship or advantage that *may* occur in the future.

Clearly, Plaintiff, as an individual, expected that he would eventually receive an economic benefit from the development of the property and the lease agreements. That expectation flowed from his being a member of NLP and being entitled to the benefits therefrom. The complaint does not state a cause of action as to any interference with Wright, as an individual. Based on the foregoing analysis, the Court does not address the issue of whether sufficient facts have been alleged to sustain an action for Interference with Contract or Expectancy on behalf of NLP. The Demurrer to Count II is sustained with prejudice.

### 3. *Count III and Count IV: Tortious Interference with Contract and Business Expectancy by Defendants Jones and BMC*

The Court addresses these counts together because the analysis is the same for each Defendant. Based on the foregoing conclusions, Plaintiff cannot maintain a cause of action, as an individual, for tortious interference with either the lease or the listing agreement. With regard to the operating agreement, Plaintiff was a party to that contract and, therefore, can maintain a cause of action based on that contract.

Tortious Interference with Contract requires proof of (1) existence of a contractual relationship or business expectancy, (2) knowledge of the relationship or expectancy, (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy, and (4) damage to the party whose relationship or expectancy has been disrupted. Plaintiff does not point to any fact from which the court can draw an inference that Jones and/or BMC had knowledge of the operating agreement. Additionally, Plaintiff does not allege that the agreement was breached or terminated. Therefore, Plaintiff does not state a claim for Interference with Contract.

As stated above, Plaintiff, as an individual, expected that he would eventually receive an economic benefit from the development of the property and the lease agreements. That expectation flowed from his being a member of NLP and entitled to the benefits therefrom. The complaint does not state a cause of action as to any interference with Wright as an

individual. The Demurrer to Count III and IV are sustained with leave to amend as to the issue of breach of contract for the operating agreement.

### 4. *Count V: Civil Conspiracy*

A civil conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, resulting in damage to the Plaintiff. *Allen Realty Corp. v. Holbert*, 227 Va. 441 (1984). In order to state a cause of action for Statutory Conspiracy, the Plaintiff must allege (1) that defendants acted in concert, agreed, associated, mutually undertook, or combined together, (2) that they intentionally, purposefully, and without lawful justification injured the plaintiff's business, and (3) that plaintiff suffered damages as a result of defendant's acts. To survive Demurrer, the Complaint must at a minimum allege either an unlawful act or an unlawful purpose.

There is no allegation that a conspiracy existed against Plaintiff as an individual. The Court does not address the issue as to whether there are sufficient facts to sustain a cause of action for civil conspiracy on behalf of NLP. The Demurrer to Count V is sustained with prejudice.

### C: *Plaintiff's Motion To Consolidate and Motion To Compel*

As the preceding analysis has sustained Defendant's First Plea in Bar and Defendant's Demurrers, Defendant's Motion to Consolidate and Motion to Compel are essentially moot. Therefore, Plaintiff's Motion to Consolidate is denied, and Plaintiff's Motion to Compel is also denied.

### IV. *Conclusion*

For the reasons articulated in this letter opinion, Defendant's First Plea in Bar is sustained, and Plaintiff is prohibited from maintaining an action as a derivative member of NLP. The Demurrers to all counts are sustained with prejudice with the exception of Counts III and IV where leave to amend is granted with regard to breach of the operating agreement by Jones and BMC.

REPORTER'S NOTE: For a related case, see *Wright v. BMC-NL, L.L.C.* (2013), which is printed below at page 191.